JACOBS ET AL., APPELLEES, *v.* DEMARIA ET AL., APPELLANTS.

(No. 4953—Decided September 29, 1953.)

*Messrs. Isaac & Postlewaite,* for appellees.
*Mr. Allen Pretzman,* for appellants.

HORNBECK, J. This is an appeal from a declaratory judgment construing a written lease originally made between plaintiffs, the Jacobs, as lessees, and the defendants, the DeMarias as lessors. Plaintiff The Bell Furniture Company later became an assignee of the Jacobs.

The lessors, appellants herein, are the owners of certain real property described in the petition situated at 2531-2539 Cleveland avenue in Columbus, with a frontage of 66.16 feet and a depth of approximately 140 feet, upon which there is a two-story building with basement. The lease was for a period of 15 years on and after September 1, 1944.

The provision in the lease which is in controversy is covenant 16, and reads as follows:

"That the lessees shall pay the insurance premium for the insurance carried on the building on said premises against loss or damage by fire, windstorm, tornado, cyclone and explosion, in the amount of not less than thirty thousand dollars ($30,000). Said insurance to be payable to lessors. That in case any damage should occur which is covered under this policy, the lessees shall notify the lessors not less than twenty-four (24) hours after the occurrence of said damage and the lessors shall make the necessary repairs as soon as possible."

The court found to be proper and answered questions numbers one and two.

"Question 1. Under the terms of covenant 16 of the lease described above may the lessors require the lessees or assignee to pay the premiums for whatever specific amount of insurance for said premises which

lessors may purchase at lessors' sole discretion as to amount, type, coverage and insurance company?''

This question was answered in the negative.

''Question 2. If the answer to question 1 is in the negative, what are the limits of lessees' or assignee's responsibilities and duties with respect to insurance for said premises?''

The court answered this question:

''The limit of the duty of the plaintiffs with respect to insurance for the building is to pay the premium for at least but not more than $30,000 worth of insurance against loss or damage by fire, windstorm, tornado, cyclone and explosion.''

The trial judge was of the opinion that there was no ambiguity in covenant 16 and that the $30,000, the amount set out in the covenant, was the specific sum total of the amount of insurance the premium upon which the lessees were obligated to pay.

It is the contention of the defendants that the $30,000 was the minimum amount of insurance that could be carried on the premises when the lease was executed, but that the covenant authorized the lessors to carry and bound the lessees to pay the insurance premium for such an amount of insurance as the lessors carried on the building.

In the stipulation of facts in this court, it appears that the $30,000 mentioned in covenant 16 was 80 per cent of the value of the building at the time the contract was executed, and that the amount of the insurance, namely, $30,000, was on the basis of 80 per cent coinsurance. At a later date the amount of insurance carried on the premises was increased to $55,000 which sum was carried on an 80 per cent coinsurance basis. This amount of insurance was agreeable to the assignee and lessors and the premium was paid by the assignee. On or about March 21, 1952, defendants, lessors, purchased insurance on the premises in the

amount of $95,000, which sum was representative of the full replacement value of the building on the premises. The assignee was willing and offered to pay the premium upon $76,000 of insurance, which would be 80 per cent of the value, and which sum would be carried on an 80 per cent coinsurance basis. The lessors and the assignee being unable to agree as to their respective obligations, this action was instituted for declaratory judgment.

Without extended comment, it is our conclusion that, although question 1 should be answered in the negative as the trial judge found, the qualification should be different than that fixed. It is our opinion that the $30,000, in the light of the circumstances in the case and subsequent conduct of the parties, was a requirement that insurance be paid for by the lessees upon an 80 per cent coinsurance basis, viz., upon 80 per cent of the value of the building when the insurance was written. Had there been no reference made to the sum of $30,000, the covenant would provide for the payment by the lessees of premiums for any reasonable amount of insurance carried by the lessors on the building on the premises.

The judgment under review construes the obligation of lessees under the contract to be to pay premiums on not more than $30,000. The language of the contract is "not less than $30,000." The amount of insurance to be carried might normally, as it has, increase but it would not be in excess of 80 per cent of the value of the building. This was the construction which the parties themselves put upon the contract.

It is conceivable that the covenant as to insurance of not less than $30,000 might be construed to require the lessors to carry a lesser amount of insurance and the lessees to pay premium on that amount only. This construction would follow if the buildings should decrease in value by more than 20 per cent from their

value when the lease was executed. This interpretation of the questioned covenant is strengthened by the affidavit of Arthur Jacobs who says, in substance, that it was the understanding when the lease was executed that the $30,000 was based upon 80 per cent of the value of the building on the leased premises.

It appears from the affidavit of Franklin E. Rice, which was not considered by the trial judge but in our judgment should have been as should the affidavit of Jacobs, that the type of insurance which the lessors eventually carried on the building had only recently come into vogue. It is indeed doubtful if the parties when the lease was executed could have had in contemplation insurance on the building on 100 per cent replacement value basis.

We, of course, do not base our judgment on the contents of either of the affidavits heretofore mentioned and appended to the bill of exceptions, and could not do so. If they were to be considered it would be by remand to the trial judge.

The record requires application of the principle announced in the second paragraph of the syllabus of *Courtright* v. *Scrimger,* 110 Ohio St., 547, 144 N. E., 294:

"Where words used in a contract are susceptible of more than one meaning, and the signatories to the contract have by acts done in carrying out the terms thereof placed their own interpretation upon the meaning of the words, courts will adopt the interpretation which the signatories to the contract have themselves made."

The first, second, and, if desired, the fourth question will be answered as herein indicated. The judgment of the trial court is modified accordingly.

*Judgment accordingly.*

Wiseman, P. J., and Miller, J., concur.